# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Jennifer R. Gorchow, Staff Attorney*
*William H. Clunn, III, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell K. Alexander\**

*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

September 22, 2022

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      **RE:**    **Chapter 13 Bankruptcy**
              **Case No. 18-26646 (JNP)**
              **Debtor(s) Name: Doris A. & Christopher W. Hertell**

Dear Judge Poslusny:

      Please accept this letter in lieu of a more formal response and in opposition to Debtors' Motion to Vacate Dismissal Order, which is returnable on October 4, 2022, at 11 a.m.

      Debtors filed their Chapter 13 Bankruptcy Petition on August 20, 2018. Debtors filed a Chapter 13 Plan on August 20, 2018. The plan proposes to pay $526 for sixty (60) months, to pay administrative fees of $3,200; mortgage arrears to Freedom mortgage for $26,802, and zero percent to unsecured creditors. The Court entered an Order Confirming Debtors' Chapter 13 plan on March 8, 2019.

      On May 4, 2021, Community Loan Services f/n/a Bayview Loan Servicing was granted relief from the automatic stay. Bayview Loan Servicing refunded the Trustee disbursement made after relief from the automatic stay (See letters attached dated June 16, 2021, and December 14, 2021).

      As a result, Debtors' case is unfeasible as confirmed. On June 21, 2022, the Chapter 13 Standing Trustee filed a Certification of Default. Since the Debtor did not file an objection to the Trustee's Certification of Default, an Order Dismissing the Case for Both Debtors was entered on July 6, 2022.

      The Debtors filed a Motion to Reopen Case on September 1, 2022. Debtors have not offered to file a modified plan to address the stay relief obtained by the mortgagee, nor have they expressed the intent to file a Motion to Reinstate the Automatic Stay. If Debtors' motion is granted, any funds received would be placed in reserve and forwarded to the Clerk of the Court upon completion of their case. The Trustee cannot ascertain how the reinstatement of their case is beneficial to the Debtors absent a Modified Chapter 13 Plan being filed to address feasibility issues.

      In addition, a refund was disbursed to the Debtors on August 11, 2022, in the amount of $3,258.20. At the return date of this motion, Debtors will be delinquent for $7,474.20. Debtors have not submitted a plan payment to the Trustee since March 22, 2022.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

P.O. Box 1978
Memphis, TN 38101-1978

Honorable Jerrold N. Poslusny, Jr.
Case No. 18-26646 (JNP)
September 22, 2022

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

/s/ Jennifer R. Gorchow
Jennifer R. Gorchow, Staff Attorney
for Isabel C. Balboa
Chapter 13 Standing Trustee

JRG/kt
cc:   Kenneth W. Mill, Jr, Esquire (Via CM/ECF)
      Doris A. & Christopher W. Hertell (Via Regular Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**